UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEE THOMAS, | 1:05-CV-00858 AWI WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| KATHY MENDOZA-POWERS, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

**PROCEDURAL HISTORY**

On April 8, 1997, Petitioner was convicted of assault with a deadly weapon by means to produce great bodily harm, corporal injury to spouse, and making terrorist threats. The trial court sentenced him to serve a term of seventeen years in state prison.

Petitioner does not challenge the validity of his conviction in this action. Rather, he challenges a disciplinary conviction for possession of inmate manufactured alcohol resulting in a loss of credits.

1   Petitioner received a CDC 115, Rules Violation Report charging him with possession of
2 inmate manufactured alcohol.  On February 22, 2004, Petitioner appearing before Senior Hearing
3 Officer Perry for a hearing on the disciplinary charges.  Petitioner was found guilty of possession of
4 inmate manufactured alcohol based on the reporting employee's report and the inmate's admission of
5 guilt.
6   Petitioner filed a CDC 602, Inmate Appeal Form, challenging the disciplinary conviction on
7 the ground that there was insufficient evidence to support the conviction.  On April 21, 2004, the
8 inmate appeal was partially granted due to an error in the disciplinary hearing.  Specifically, the
9 reviewing officer found that the CDC 115 indicated that the senior hearing officer had noted that
10 Petitioner made no comment at the hearing, however, there was also a note that he pleaded guilty.
11 The reviewing officer also found that the senior hearing officer noted no witnesses were requested at
12 the hearing, yet in the findings section, the officer refered to a statement by inmate Steward.
13 Therefore, the disciplinary was ordered reissued and reheard.
14   On May 7, 2004, the disciplinary was reissued and a copy was given to Petitioner on May 9,
15 2004.  On May 11, 2004, Petitioner appeared before Senior Hearing Officer Hurley for a hearing on
16 the charges.  Petitioner pleaded not guilty and showed Officer Hurley a copy of the original
17 disciplinary, stating, "Here it is right here," indicating that Steward had pleaded guilty.  The hearing
18 was postponed and reconvened on May 14, 2004, so that Senior Hearing Officer Hurley could get
19 Senior Hearing Officer Perry to appear and testify regarding whether Steward had pleaded guilty.
20   Perry testified that he had presided over the hearing on the original CDC 115 issued to
21 Petitioner.  Perry testified that Petitioner pleaded guilty to possession at the original hearing.  Finally,
22 Perry clarified that there was a typographical error on the disposition of the original CDC 115 where
23 it indicated that Steward stated the pruno was his.
24   Senior Hearing Officer Hurely found Petitioner guilty of possession of inmate manufactured
25 alcohol.  He based his finding on the reporting employee's written report and supplement, and on
26 Senior Hearing Officer Perrry's testimony verifying that Petitioner pleaded guilty and that the
27 original CDC 115 disposition indicating that Steward admitted the pruno was his was a
28 typographical error.

Petitioner filed an inmate appeal challenging the disciplinary conviction on the ground that there was not sufficient evidence to support the finding and that the senior hearing officer used information from the first hearing to find him guilty. The reviewing officer noted that it was Petitioner who introduced evidence from the first hearing at the subsequent hearing and that the senior hearing officer called on the senior hearing officer from the first hearing to clarify the information Petitioner introduced. The appeal was denied based on the finding that there was sufficient evidence to support the guilty finding.

Petitioner filed a petition for writ of habeas corpus in the Fresno County Superior Court challenging the disciplinary conviction. On February 1, 2005, the court denied the petition finding that, "existing evidence does not justify the requested relief."

Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District. On February 24, 2005, the court summarily denied the petition.

Petitioner filed a petition for writ of habeas corpus in the California Supreme Court challenging the disciplinary conviction for possession of inmate manufactured alcohol. The court summarily denied the petition.

## LEGAL STANDARDS

<u>JURISDICTION</u>

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); <u>Williams v. Taylor</u>, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of Avenal State Prison, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. <u>Lindh v. Murphy</u>, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); <u>Jeffries v. Wood</u>, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting <u>Drinkard v. Johnson</u>, 97

F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).  "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable." Id. (citations omitted).

When, as here, the California Supreme Court's opinion is summary in nature,  this court "looks through" that decision and presumes it adopted the reasoning of the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was

contrary to or an unreasonable application of federal law under § 2254(d)(1)).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Petitioner seeks habeas corpus relief based on the alleged due process violations in the disciplinary hearing resulting in the disciplinary conviction on May 13, 2004, for possession of inmate manufactured alcohol. Respondent opposes the petition.

Under the Fourteenth Amendment, no state shall deprive any person of life, liberty, or property without due process of law. Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

A prisoner in a prison disciplinary hearing is not entitled to the full array of due process rights that a defendant possesses in a criminal prosecution. Id. at 556. However, a prisoner who is accused of serious rules violations and who may be deprived of his or her good-time credits is entitled to certain minimum procedural protections. Id. at 571-71 n. 9.

The process due in such a prison disciplinary hearing includes: (1) written notification of the charges; (2) at least a brief period of time after the notice to prepare for the hearing; (3) a written statement by the fact-finders as to the evidence relied on and reasons for the disciplinary action; (4) the inmate facing the charges should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or

1 correctional goals.  Id. at 564, 566, 570.

2      In addition, a decision to revoke an inmate's good-time credit does not comport with minimum procedural due process requirements unless its underlying findings are supported by "some evidence."  Superintendant v. Hill, 472 U.S. 445, 454 (1985).  In reviewing a decision for "some evidence," courts "are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis."  Id. at 455-56.  The Ninth Circuit has further held that there must be "some indicia of reliability of the information that forms the basis for prison disciplinary actions." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (uncorroborated hearsay statement of confidential informant with no firsthand knowledge is not enough evidence to meet Hill standard.)

     In this case, Petitioner does not dispute that he received written notice of the charges, an opportunity to appear at the hearing and be heard, and a written statement of the decision.  Rather, he disputes the finding of guilt.  However, the court must agree with Respondent that there was reliable evidence in the record that supported the decision reached.  Senior Hearing Officer Hurley relied on the written reports submitted by the officers at the scene. The reporting officer's report indicates that while conducting a search of Petitioner's cell, he noticed a pungent odor.  His search produced a brown paper bag containing a clear plastic bag with approximately two gallons of brown pulpy liquid substance that was found underneath the lower bunk.   The substance was verified to be inmate manufactured alcohol. Senior Hearing Officer Hurley also relied on Senior Officer Perry's testimony at the hearing clarifying that Petitioner pleaded guilty at the first hearing and that there was a typographical error on the disposition of the first hearing's report indicating that Steward admitted that the pruno was his.  This court finds that all of these facts, taken together, demonstrate that there was sufficient reliable evidence to support the finding of guilt.   Therefore, the court must conclude that Petitioner has failed to carry his burden of demonstrating the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence

presented in the State Court proceeding." 28 U.S.C. § 2254(d).  Accordingly, the court finds that there is no basis for habeas corpus relief.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1)   That this petition for writ of habeas corpus be DENIED; and

2)   That the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     April 10, 2008                            /s/  William M. Wunderlich
                                                   UNITED STATES MAGISTRATE JUDGE